ORRICK, HERRINGTON & SUTCLIFFE LLP
Jonathan P. Guy (admitted *pro hac vice*)
Columbia Center
1152 15th Street, N.W.
Washington, D.C. 20005-1706
Tel:    (202) 339-8516
Email: jguy@orrick.com

-and-

Jeffery D. Hermann (SBN 90445)
Kent B. Goss (SBN 131499)
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855
Tel:    (213) 629-2020
Email: jhermann@orrick.com
Email: KGoss@orrick.com

*Attorneys for Defendant David H. Koch*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TIFKAH, fka THE HOUSE RESEARCH INSTITUTE<br><br>Debtor.<br><br>———————————————————<br><br>JOHN J. MENCHACA, TRUSTEE FOR THE CHAPTER 7 ESTATE OF TIFKAH,<br><br>Plaintiff<br><br>vs.<br><br>DAVID H. KOCH, an individual; RICK CARUSO, an individual; TINA CARUSO, an individual; STEPHEN CHANDLER, an individual; SUE W. CHANDLER, an individual; the SCOTTSDALE FOUNDATION, an unknown entity,<br><br>Defendants. | Case No. 2:14-bk-21532-TD<br><br>Adv. No. 2:16-ap-01266-TD<br><br>Chapter 7<br><br>**REPLY OF DAVID H. KOCH TO OPPOSITION TO MOTIONS TO DISMISS [DKT NOS. 20, 23, 27]**<br><br>Date:        October 19, 2016<br>Time:       10:00 a.m.<br>Court:      Courtroom 1345<br>               US Bankruptcy Court<br>               255 E. Temple Street<br>               Los Angeles, CA 90012<br>Judge:     Hon. Thomas B. Donovan |

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

# TABLE OF CONTENTS

Page

I.   PLAINTIFF HAS FAILED TO PLEAD PERFORMANCE UNDER THE ALLEGED PLEDGE AGREEMENT ...................................................................................2

II.  MR. KOCH IS NOT OBLIGATED TO MAKE PAYMENT TO HRI UNDER APPLICABLE CASE AND STATUTORY LAW GOVERNING USE OF CHARITABLE PLEDGES ......................................................................................4

III. MR. KOCH'S ALLEGED PLEDGE, EVEN IF ENFORCEABLE, WOULD PROPERLY BE DEEMED AN EXECUTORY CONTRACT THAT PLAINTIFF REJECTED AND HRI IS OTHERWISE INCAPABLE OF ASSUMING ........................8

IV.  CONCLUSION...........................................................................................................9

765863665

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................2

*Bank of Am. Nat'l Tr. & Sav. Ass'n v. Arakelian,*
    171 Cal. App. 2d 732 (Cal. Ct. App. 1959)..............................................7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................................2

*Buchtel Coll. v. Chamberloix,*
    3 Cal. App. 246, 84 P. 1000 (Cal. Ct. App. 1906)....................................7

*In re Boston Reg'l Med. Ctr.,*
    298 B.R. 1 (Bankr. D. Mass. 2003) ..........................................................5

*Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc.),*
    410 F.3d 100 (1st Cir. 2005)..................................................................5, 6

*Crisp Area YMCA v. NationsBank, N.A.,*
    272 Ga. 182, 526 S.E.2d 63 (Ga. 2000)....................................................4

*McCarthy v. Bierbower (In re Crossroad Health Ministry, Inc.),*
    319 B.R. 778 (Bankr. D.D.C. 2005) ..........................................................5

*McCarthy v. Bierbower (In re Crossroad Health Ministry, Inc.),*
    334 B.R. 478 (D.D.C. 2005)......................................................................5

*In re Crummie,*
    194 B.R. 230 (Bankr. N.D. Cal. 1996) ......................................................9

*Palms Clinic and Hosp. Inc. v. Ariz. Soc'y for Crippled Children and Adults (In re Daley's Estate),*
    6 Ariz. App. 443, 433 P.2d 296 (Ariz. Ct. App. 1967)..............................5

*First Tr. & Sav. Bank v. Coe Coll.,*
    8 Cal. App. 2d 195, 47 P.2d 481 (Cal. Ct. App. 1935)..............................7

*Foley v. Bates,*
    No. C07-0402 PJH, 2007 WL 1430096 (N.D. Cal. May 14, 2007) ..........2

*Griffel v. Murphy (In re Wegner),*
    839 F.2d 533 (9th Cir. 1988) ....................................................................8

*Lortz v. Connell,*
    273 Cal. App. 2d 286, 78 Cal. Rptr. 6 (Cal. Ct. App. 1969) ....................2

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

*Lynch v. Spilman*,
   67 Cal. 2d 251, 62 Cal. Rptr. 12 (Cal. 1967) ................................................................... 6

*Montclair Nat'l Bank & Tr.Co. v. Seton Hall Coll. of Med. and Dentistry*,
   96 N.J. Super. 428, 233 A.2d 195 (N.J. Super. Ct. App. Div. 1967) ............................... 4

*Old Colony Tr. Co. v. Third Universalist Soc. of Cambridge*,
   285 Mass. 146, 188 N.E. 711 (Mass. 1934) ................................................................... 4

*People v. Orange Cnty. Charitable Servs.*,
   73 Cal. App. 4th 1054, 87 Cal. Rptr. 2d 254 (Cal. Ct. App. 1999) ............................... 7

*Title Ins. and Tr. Co. v. SS. Peter and Paul Congregation (Estate of Klinkner)*,
   85 Cal. App. 3d 942, 151 Cal. Rptr. 20 (1978) ............................................................. 6

*In re Winsted Mem'l Hosp.*,
   249 B.R. 588 (Bankr. D. Conn. 2000) ............................................................................ 4

**Statutes**

11 U.S.C. § 365(d)(1) ........................................................................................................ 9

Cal. Bus. & Prof. Code § 17510.8 .................................................................................. 5, 7

Cal. Civ. Code § 1439 ......................................................................................................... 7

D.C. Code § 29-301.56 ........................................................................................................ 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

## MEMORANDUM OF POINTS AND AUTHORITIES

Before the Court is the Motion[1] of Defendant Mr. David H. Koch ("Defendant" or "Mr. Koch") to dismiss the Pledge Complaint of Plaintiff John J. Menchaca ("Plaintiff") and Plaintiff's opposition (the "Opposition") to the Motion.

As noted in Mr. Koch's Motion, Plaintiff does not allege in the Pledge Complaint that HRI performed the charitable purposes of the David H. Koch Center for Hearing Restoration (the "Koch Center" or "Center") in December 2013 and 2014 when the last two gifts were due to be made. As such, the Pledge Complaint fails because it does not allege a required element for a valid breach of contract claim under California law. Plaintiff argues in response that HRI was not required to perform the Koch Center's charitable purpose of hearing restoration at any time, and, as a consequence, he does not need to allege such performance now. Rather, he says, all he needs to allege is that HRI "created" the Koch Center, whatever that may mean, at some unknown date. This argument is unpersuasive. Apart from defying all common sense and woefully lacking in any specifics, it is also squarely contradicted by Plaintiff's own allegations in the Pledge Complaint. There, he states unequivocally that the annual gifts were, in fact, designated for use for the Koch Center, whose charitable purpose was, of course, hearing restoration. Plaintiff's argument is also contrary to applicable law. California statutory law requires a party to a contract to perform all conditions precedent before that party is entitled to performance. Similarly, California statutory law and relevant case law governing charities dictate that when a party agrees to make a charitable gift for a specific, designated purpose and the charity is no longer capable of using the gift for that purpose, the donor is relieved of all obligations to make the gift, regardless of whether the charity is in chapter 7 or not. Here, as we know from Plaintiff's own filings with this Court, HRI was incapable of using Mr. Koch's conditional future gifts for hearing restoration long before December 2013. Therefore, Plaintiff, standing in the shoes of the long defunct HRI, cannot compel Mr. Koch to make any new gifts.

---

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion to Dismiss Complaint Against Defendant David H. Koch Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion") [Dkt. No. 20].

1

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

Accordingly, just as with Plaintiff's D&O Complaint—which the Court recently dismissed because it was short on specific facts but long on conclusory statements—the Court must dismiss the Pledge Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 555 (2007) (stating that a plaintiff must allege facts in a complaint that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," and to "state a claim to relief that is plausible on its face"). Moreover, the Pledge Complaint should be dismissed with prejudice. Plaintiff cannot cure the fatal deficiency in the Complaint. His own filings already acknowledge the truth that 1) Mr. Koch's gifts were expressly designated for use by the Koch Center in performing its charitable function, and 2) the Koch Center was incapable of doing so as of December 2013. Further, compounding his problems, Plaintiff did not timely move to assume the alleged pledge agreement, a classic executory contract demanding ongoing performance. Thus, the pledge agreement is deemed rejected, and the Plaintiff now cannot walk back that rejection.

For these and other reasons explained in detail below, Mr. Koch respectfully submits that the Motion should be granted.

## I.   PLAINTIFF HAS FAILED TO PLEAD PERFORMANCE UNDER THE ALLEGED PLEDGE AGREEMENT

1.     California law provides that a plaintiff must plead performance to establish a valid breach of contract claim. *See Lortz v. Connell*, 273 Cal. App. 2d 286, 291, 78 Cal. Rptr. 6, 9 (Cal. Ct. App. 1969) (granting motion for judgment on the pleadings because complaint did not allege the "plaintiff performed all that he was obligated to perform prior to" the alleged breach); *Foley v. Bates*, No. C07-0402 PJH, 2007 WL 1430096, at *4 (N.D. Cal. May 14, 2007) (dismissing complaint due to plaintiff's failure to allege performance under contracts).[2] A complaint that fails to do so is inadequate on its face and must be dismissed.

---

[2] A copy of *Foley v. Bates* was previously filed on the docket. *See* Dkt. No. 22.

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

2.      Plaintiff concedes this established legal principle in his Opposition but maintains that he satisfied California's contract claim pleading requirements by alleging, without more, that "[HRI] created the Koch Center for Hearing Restoration." Pledge Compl. ¶ 15; Opp'n at 7. The Pledge Complaint is silent as to when and how HRI created the Koch Center, leaving the Court to guess. Regardless, the naked allegation that HRI "created" the Center, whatever that may mean, does not pass muster. As Plaintiff alleges in his own Pledge Complaint, the pledge required that HRI first create the Center and then use the multi-year gifts, due each December, to perform the Center's charitable function: hearing restoration. *See* Pledge Compl. ¶ 14 ("The pledge was designated for use for the 'David H. Koch Center for Hearing Restoration.'"). This is not a shocking concept, of course. The Koch Center could never perform its charitable purpose of hearing restoration if it was not, in the first instance, created. Plaintiff acknowledges this truth again in his Opposition, at 6-7: "Koch designated funds for the Koch Center for Hearing Restoration *and* which were 'conditional on the creation of the Center which will bear David Koch's name.'" (Emphasis added).

3.      There is a good reason, of course, why Plaintiff, despite being well aware of the need to do so, did not plead that the Center was performing its charitable purpose in December 2013 and December 2014 when the last two conditional gifts were due: he knew he couldn't. For the same reason, Plaintiff did not even try to plead any facts to suggest that HRI did not improperly divert the $3 million that Mr. Koch had already paid by impermissibly using it for HRI's general purposes. As Plaintiff admits in his Opposition, HRI's "extreme financial difficulties, [] came to a head in *mid 2013*." *See* Opp'n at 6, 8-12 (emphasis added). Further, as he admits in the D&O Complaint, HRI was, in violation of the terms of restricted donations, using them "for purposes other than the purposes for which they were designated and restricted" *as early as 2012, see,* D&O Compl. ¶¶ 63-65 [Dkt. No. 21, Ex. F]; HRI experienced a financial and liquidity crisis at that time going forward; *id.* ¶¶ 58, 61, 65-66, 68; HRI lost its researchers in *mid 2013, id.* ¶ 67; HRI was the subject of foreclosure proceedings by its lender, culminating in the sale of its building in *early 2014, id.* ¶¶ 48, 68-70; and HRI filed for chapter 7 protection in *June 2014, id.* ¶ 5. These are the

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

Plaintiff's own allegations and they preclude him from ever alleging the specific facts he needs to avoid dismissal. And it is no answer now to fabricate an alternate reality, inconsistent with his own Pledge Complaint, that no performance of its charitable purpose was ever required from the Koch Center.

4.      Thus, because Plaintiff has not alleged a required element of his own breach of contract claim, the Pledge Complaint must be dismissed. Further, dismissal should be with prejudice because any attempt by Plaintiff to allege this required element would be futile. Plaintiff's own admissions and allegations preclude him from curing this deficiency with any amendment, however creative.

## II.    MR. KOCH IS NOT OBLIGATED TO MAKE PAYMENT TO HRI UNDER APPLICABLE CASE AND STATUTORY LAW GOVERNING USE OF CHARITABLE PLEDGES

5.      This Court need not read further than the preceding paragraphs to dismiss the Pledge Complaint. For completeness, however, Mr. Koch also addresses Plaintiff's erroneous arguments concerning applicable case and statutory law.

6.      First, Plaintiff argues that forcing Mr. Koch to make his pre-petition December 2013 gift is "not an extraordinary finding" because a number of courts have reached "similar conclusions on similar facts." *See* Opp'n at 8. Unfortunately, in truth, none of the cases have similar facts—future gifts for a specific, restricted purpose, all due long after a charity was no longer capable of performing any charitable purpose.

7.      To explain, four of the cases, unlike here, involve open bequests that permitted the charity to use donated funds for general purposes without any restriction. *See In re Winsted Mem'l Hosp.*, 249 B.R. 588, 592–93 (Bankr. D. Conn. 2000); *Montclair Nat'l Bank & Tr. Co. v. Seton Hall Coll. of Med. and Dentistry*, 96 N.J. Super. 428, 436, 233 A.2d 195, 199 (N.J. Super. Ct. App. Div. 1967); *Crisp Area YMCA v. NationsBank, N.A.*, 272 Ga. 182, 184, 526 S.E.2d 63, 65 (Ga. 2000); *Old Colony Tr. Co. v. Third Universalist Soc. of Cambridge*, 285 Mass. 146, 149, 188 N.E. 711, 712 (Mass. 1934). These facts are critically dissimilar from our alleged facts.

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

8.    In another case, a charity was permitted to keep a gift that had already been given because it was capable of using the bequest for its intended charitable purpose at the time the gift was made. *See Palms Clinic and Hosp. Inc. v. Ariz. Soc'y for Crippled Children and Adults (In re Daley's Estate)*, 6 Ariz. App. 443, 448, 433 P.2d 296, 301 (Ariz. Ct. App. 1967). Again, those are not the alleged facts here.

9.    In the last case, *McCarthy v. Bierbower (In re Crossroad Health Ministry, Inc.)*, 319 B.R. 778 (Bankr. D.D.C. 2005), *aff'd*, 334 B.R. 478 (D.D.C. 2005), the court permitted a trustee to use restricted grants already in the charity's possession to pay creditors. And while those facts are closest to the alleged facts here, the decision itself is unpersuasive. Critically, the bankruptcy court relied on its interpretation of District of Columbia statutory law governing the distribution of nonprofit corporation assets, which is very different from California law. The latter, as explained in paragraph 12 below, is decidedly unhelpful to Plaintiff.[3] Also, the bankruptcy court in *In re Crossroad Health Ministry, Inc.* relied on the lower court's decision in *Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc.)*, 298 B.R. 1 (Bankr. D. Mass. 2003) for the notion that the use of restricted grants held in trust to pay a charity's creditors for services previously rendered in furtherance of the charity's charitable purpose is consistent with the grantor's donative intent. 319 B.R. at 782, n. 2. However, this reasoning was squarely rejected by the First Circuit in a subsequent appeal six months later, *see Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc.)*, 410 F.3d 100 (1st Cir. 2005). The district court affirmed the bankruptcy court's decision in *McCarthy v. Bierbower (In re Crossroad Health Ministry, Inc.)*, 334 B.R. 478 (D.D.C. 2005), apparently unaware of the First Circuit's decision having been rendered before then. If the bankruptcy court in *In re Crossroad Health Ministry, Inc.* had applied both California law and the First Circuit's decision, we can safely assume that its conclusions would have been very

---

[3] Specifically, the court relied on D.C. Code § 29-301.56, which governs dissolution of nonprofit corporations in District of Columbia state court proceedings. The court concluded that the statute "treats donations held by nonprofit corporations subject to charitable use limitations as corporate assets . . . to the extent such funds are needed to pay creditors" and "not funds held in trust." *Id.* at 781-82. California law takes a diametrically different position, treating donations as creating a charitable trust and requiring that donations be used in accordance with the donor's restrictions. *See* Cal. Bus. & Prof. Code § 17510.8.

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

different.  In the pantheon of unpersuasive cases, *In re Crossroad Health Ministry, Inc.* sits near the very top.

10.    Next, Plaintiff argues in summary fashion that Mr. Koch must pay his post-petition December 2014 gift because HRI's right to that payment "vested," with no future obligations on its part, when HRI "created" the Center. *See* Opp'n at 9, 11. Curiously, Plaintiff chooses not to make this creative argument with regard to the December 2013 gift. As an initial matter, as discussed above, Plaintiff does not allege how or when the Center was created, so it is unclear when, even according to Plaintiff's theory, this right to payment vested. Also, of course, as already discussed, the facts alleged in the Pledge Complaint are at odds with this new theory.

11.    It also turns out that the law is also against Plaintiff. *See Title Ins. and Tr. Co. v. SS. Peter and Paul Congregation (Estate of Klinkner)*, 85 Cal. App. 3d 942, 151 Cal. Rptr. 20 (Cal. Ct. App. 1978) and *Boston Reg'l Med. Ctr., Inc. v. Reynolds (In re Boston Reg'l Med. Ctr., Inc.)*, 410 F.3d 100 (1st Cir. 2005). In *Estate of Klinkner*, a California case, the court held that a church was not entitled to receive a charitable gift held in a testamentary trust because, at the time the trust terminated and payment would have been made, the church had "ceased functioning" and was thus incapable of using it for "the objects for which the organization was created." *Id.* at 950 (citing *Lynch v. Spilman*, 67 Cal. 2d 251, 260, 62 Cal. Rptr. 12, 18 (Cal. 1967)). That case needs little illumination to explain why it hurts Plaintiff's vesting theory. Similarly, in *Boston Reg'l Med. Ctr., Inc.*, the First Circuit held that it is inconsistent with a donor's intent for a defunct charity to receive a new charitable gift provided for in a will just for it to be spent to pay creditors; and, moreover, a charity is ineligible to receive a charitable gift when it has ceased performing its charitable work. 410 F.3d at 110. The First Circuit ultimately concluded that the charity could, in fact, receive the charitable bequest, but that was only because, at the time the gift was due to be made, the charity was fully operating as a hospital. *Id.* at 113. Here, HRI had no right to the December 2013 and December 2014 gifts until those months transpired. But, at both times, HRI could not perform its intended charitable purpose and Plaintiff fails to allege otherwise. To be sure, then, HRI cannot

6

765863665

lay claim to Mr. Koch's gifts which were due long after the Koch Center ceased performing its charitable function.[4]

12.    Finally, Plaintiff's Opposition not only misstates case law concerning charitable gifts, but also ignores applicable (and dispositive) California statutory law.  Unlike District of Columbia law, in California, donations to a charity establish a charitable trust which obligates the charity to use the gift for its declared purpose and not for the general operations of a charity.  *See* Cal. Bus. & Prof. Code § 17510.8 ("The acceptance of charitable contributions by a charity or any person soliciting on behalf of a charity establishes a charitable trust and a duty on the part of the charity and the person soliciting on behalf of the charity to use those charitable contributions *for the declared charitable purposes for which they are sought*.") (emphasis added); *People v. Orange Cty. Charitable Servs.*, 73 Cal. App. 4th 1054, 1069 n.7, 87 Cal. Rptr. 2d 254, 264 (Cal. Ct. App. 1999) (explaining that Cal. Bus. & Prof. Code § 17510.8 mandates that when money is solicited "for a declared purpose, the donation must be used for that purpose and not for the general fund operations of a charity"); *see also Bank of Am. Nat'l Tr. & Sav. Ass'n v. Arakelian*, 171 Cal. App. 2d 732, 734, 341 P.2d 61, 62 (Cal. Ct. App. 1959) (stating that conditions and restrictions of a charitable gift "must be observed").

13.    Furthermore, California statutory law does not hold that a party who agrees to make annual payments subject to certain conditions must continue making them even if some of the conditions are not fulfilled.  Cal. Civ. Code § 1439, which Plaintiff does not address in his Opposition, specifically recognizes that a party must fulfill all its obligations (not just some) before

---

[4]  Plaintiff cites a case from 110 years ago—*Buchtel Coll. v. Chamberbloix*, 3 Cal. App. 246, 84 P. 1000 (1906)—and another case from 81 years ago—*First Tr. & Sav. Bank v. Coe Coll.*, 8 Cal. App. 2d 195, 47 P.2d 481 (1935)—to claim that "where a charity obligates itself in some manner such as promising to build a building named after the pledger or to establish a scholarship fund in his or her name[,] that constitutes consideration creating an enforceable contract." Opp'n at 11. *Buchtel* simply held enforceable a contract in which an individual agreed to donate money upon her death if a college established a perpetual scholarship, where the plaintiff alleged it had fulfilled its end of the bargain. 3 Cal. App. at 247-48. Here, in contrast, Plaintiff has not alleged that HRI satisfied the conditions in the pledge agreement. Even if Plaintiff had alleged that HRI performed its obligations for one or more years after the parties entered into the pledge agreement, *Buchtel* does not stand for the proposition that a party that commits to make payments over many years subject to certain conditions on each payment must make all future payments simply because the conditions were satisfied at one point in time. *First Tr. & Sav. Bank v. Coe Coll.*, 8 Cal. App. 2d 195 (1935), also involved the enforceability of a one-time charitable gift. Unlike here, that case did not involve an agreement that required the recipient to satisfy multiple conditions and it is not a case where the donor's performance was scheduled to take place year after year.

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

it is entitled to performance from a counterparty to a contract: "Before any party to an obligation can require another party to perform any act under it, he must fulfill *all* conditions precedent thereto imposed upon himself; and must be able and offer to fulfill *all* conditions concurrent so imposed upon him on the like fulfillment by the other party . . . ." (Emphasis added).

14.   Here, HRI did not perform its charitable purposes, including the purposes of the Center, in both December 2013 and December 2014 and, therefore, did not fulfill all of the conditions set forth in the alleged pledge. So whether Plaintiff's vesting theory holds water or not – it does not – California statutory law prohibits the relief he seeks in the Pledge Complaint. Instead, the funds allegedly due in 2013 and 2014 can only be used for their designated purpose, not for the general purpose of paying HRI's creditors. This likely explains why Plaintiff chose not to address California statutory law at all.

15.   In sum, Plaintiff's Pledge Complaint fails for not only missing the required allegation of performance under applicable California contract law, but it also fails under applicable California law governing charitable gifts.

III.   **MR. KOCH'S ALLEGED PLEDGE, EVEN IF ENFORCEABLE, WOULD PROPERLY BE DEEMED AN EXECUTORY CONTRACT THAT PLAINTIFF REJECTED AND HRI IS OTHERWISE INCAPABLE OF ASSUMING**

16.   Pursuing, as he must, the theme that HRI satisfied all of the conditions of the alleged pledge by simply "creating" the Koch Center, in some undefined way and at some unspecified time, Plaintiff argues that the pledge agreement is not an executory contract because HRI had fully performed all of its obligations long ago (although he does not specify when). *See* Opp'n at 12. But applicable law and his own alleged facts catch up with Plaintiff again. In the Ninth Circuit and elsewhere, executory contracts are defined as contracts where "the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other." *Griffel v. Murphy (In re Wegner)*, 839 F.2d 533, 536 (9th Cir. 1988). Here, Mr. Koch's alleged pledge is an executory contract because, on the very face of allegations in the Pledge Complaint, each gift every December was

8

REPLY TO OPPOSITION TO
MOTION TO DISMISS COMPLAINT

765863665

designated for use for the Koch Center in performing its charitable purpose: hearing restoration. Pledge Compl. ¶ 14. In his Opposition, Plaintiff imagines a new reality where Mr. Koch agreed to give HRI $5 million over five years with no restrictions whatsoever on the use of those funds. But those are not the facts that he alleges. Nor is it the truth. Thus, without even considering the reality that HRI breached the alleged pledge agreement long before December 2013 by, among other things, diverting gifts intended for the Koch Center for general purposes, HRI is deemed to have rejected the agreement because HRI did not timely move to assume it, thereby excusing Mr. Koch from any obligations thereunder. *See* 11 U.S.C. § 365(d)(1). Moreover, HRI could never otherwise assume the pledge because HRI is (and was) incapable of rendering performance. *See In re Crummie*, 194 B.R. 230, 238 (Bankr. N.D. Cal. 1996) (stating that the "[a]ssumption of executory contracts imposes burdens upon debtors to cure defaults promptly, *assure future performance*, and adhere to all contract terms without adjustment") (emphasis added).

## IV.   CONCLUSION

17.   For the foregoing reasons, Defendant respectfully requests that this Court dismiss the Pledge Complaint with prejudice and grant additional and further relief it finds just and proper.

Dated: October 7, 2016

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Jonathan P. Guy, Esq.
Jeffery D. Hermann, Esq.
Kent B. Goss, Esq.

Attorneys for Defendant David H. Koch

9

765863665